**Hershel Lee NALL, Plaintiff-Appellant,**

v.

**CHOCTAW CONSTRUCTION COMPANY et al., Defendants-Appellees.**

No. 27972

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 20, 1970.

evidence when ruling on the motion. The court repeatedly remarked that appellant presented no evidence—"absolutely none"—of either negligence or unseaworthiness. On the basis of this evaluation of the evidence, the district court correctly entered a directed verdict for appellee.[3] We have carefully examined the record and find the rulings of the district court proper in all respects.

Affirmed.

---

Benjamin E. Smith, New Orleans, La., for plaintiff-appellant.

Tom F. Phillips, Baton Rouge, La., for defendants-appellees.

Before GEWIN, DYER and CARSWELL, Circuit Judges.

PER CURIAM:

■ Hershel Lee Nall filed suit in the United States District Court for the Eastern District of Louisiana to recover for injuries allegedly received while employed as a seaman aboard the tug Virginia N, owned and operated by Choctaw Construction Company. Nall appeals from a directed verdict for Choctaw and we affirm.[1]

■■ The sole issue on appeal is the propriety of the directed verdict. Appellant's main contention is that the district court applied an incorrect standard in appraising the evidence pursuant to appellee's motion for a directed verdict.[2] While the district court misstated the standard in explaining to the jury what he had done, we think he correctly articulated the test and evaluated the

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

2. Appellant also contends that, "The court below erred when it held a dangerous condition and a defective appliance to be seaworthy simply because they were customary." The district court correctly found that there was no evidence of an emergency or dangerous condition, and no evidence of defective equipment.

3. Boeing Co. v. Shipman, 411 F.2d 365 (5 Cir. 1969 En Banc).